UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **WILLIE ANDREW COLE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:12-cv-00704** |
| | ) | **Judge Campbell** |
| **JERRY LESTER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## M E M O R A N D U M

### I.    Introduction

Willie Andrew Cole, an inmate at the Turney Center Industrial Complex in Only, Tennessee,

filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the legality

of his confinement under  a 2007 judgment of the Criminal Court of Davidson County, Tennessee,

convicting him of first degree murder and tampering with evidence.   (Docket No. 1).

By order and accompanying memorandum entered on January 13, 2015, the court denied

relief on Cole's petition for a writ of *habeas corpus* after concluding that forty-four of his claims

alleging ineffective assistance of counsel were procedurally defaulted due to his failure to fairly

present them to the Tennessee appellate courts following the denial of post-conviction relief by the

state trial court. (Docket Nos. 36 & 37).  As to Cole's six  properly exhausted ineffective assistance

of counsel claims, the court upheld the decision of the state appellate court, finding that the state

court's determination did not result in a decision that was contrary to or an unreasonable application

of law.  (*Id.*).

The petitioner now has filed a Motion to Alter or Amend Judgment pursuant to  Rule 59,

Fed. R. Civ. P. (Docket No. 41). The court ordered a response to the petitioner's motion (Docket No. 42), and the respondent filed a response in opposition to the petitioner's motion on March 30, 2015 (Docket No. 45). The petitioner's motion to alter and amend is now before the court.

## II.     Standard of Review

The district court may grant a motion to alter or amend judgment under Rule 59, Fed. R. Civ. P., only if the petitioner shows that there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. *See Roger Miller Music, Inc., v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)(collecting cases). The courts within this Circuit adhere to the principle that a motion to alter or amend is an extraordinary remedy that, in deference to the interests of finality and conservation of judicial resources, courts should only sparingly grant. *Stojetz v. Ishee*, 2015 WL 196029, at *1 (S.D. Ohio Jan. 13, 2015)(citing *American Textile Mfrs. Institute, Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997)).

## III.     Analysis

In his Rule 59 motion to alter or amend the court's dismissal of his *habeas corpus* petition, Cole does not assert that there is newly discovered evidence or an intervening change in controlling law. (Docket No. 41). Instead, Cole argues that the court's finding of procedural default as to forty-four of his ineffective assistance of counsel claims involved a clear error of law. Next, Cole argues that the court's rejection of his ineffective assistance of counsel claim premised on the failure of trial counsel to retain an expert to conduct DNA analysis on evidence from the crime scene also involved

a clear error of law. Finally, Cole argues that the court's failure to review his procedurally defaulted ineffective assistance of counsel claims will result in manifest injustice as Cole is innocent of the crimes for which he has been convicted and sentenced. (*Id*.)

In response, the respondent contends that the petitioner's motion to alter or amend judgment should be denied because a state prisoner does not fairly present a claim to the Tennessee appellate courts by presenting it for the first time in an application for discretionary review to the state's highest court, the court's finding with regard to Cole's properly exhausted ineffective assistance claim was proper, and Cole has not met the burden of asserting a manifest injustice claim.

### A. Procedurally Defaulted Claims

In his § 2254 petition, Cole alleged fifty specific bases on which trial or appellate counsel's performance fell below constitutional standards. (Docket No. 26). As the court recounted in its prior memorandum, Cole raised these same fifty claims in his state post-conviction petition, and the claims were all rejected by the trial court. (Docket No. 36 at pp. 16-17).

Under Tennessee law, a criminal defendant has an appeal as of right to the Tennessee Court of Criminal Appeals from a final judgment in a post-conviction proceeding under Tenn. R. App. P. 3(b). On appeal as of right from the denial of post-conviction relief, Cole raised only six of his fifty claims. The Tennessee Court of Criminal Appeals addressed those six claims on the merits. (Docket No. 36 at p. 17).

Further review by the Tennessee Supreme Court from the final decision of the Tennessee Court of Criminal Appeals lies within the decision of the Supreme Court, based upon criteria outlined in Tenn. R. App. P. 11(a). Issues not raised in the trial court or in the intermediate appellate court are considered waived and will not be considered by the Tennessee Supreme Court.

*Brown v. Roland*, 357 S.W.3d 614, 620 n.6 (Tenn. 2012); *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012)(holding that "issues are properly raised on appeal to this Court when they have been raised and preserved at trial and, when appropriate, in the intermediate appellate courts and when they have been presented in the manner prescribed by Tenn. R. App. 27."); *Baugh v.Novak*, 340 S.W.3d 372, 381 (Tenn. 2011).

Thus, despite Cole's insistence to the contrary, his failure to raise the other forty-four claims to the Tennessee Court of Criminal Appeals on appeal of the post-conviction court's denial of his ineffective assistance claims constituted a procedural default of those claims for which he has demonstrated no cause and prejudice to relieve his default. This conclusion stands even if, as Cole alleges, he presented those claims in an application for discretionary review to the Tennessee Supreme Court after having failed to raise them on appeal of the post-conviction court's denial of those claims <u>and</u> even if Cole may no longer present those claims to any state court for review.

Further, as the court explained at length in its prior memorandum, the exception in *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), does not help Cole here because the forty-four claims at issue were defaulted as a result of post-conviction appellate counsel's failure to comply with procedural rules for the fair presentation of claims before the state appellate courts, and *Martinez* does not "concern attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Martinez*, 132 S. Ct. at 1315. Stated differently, any claims that were defaulted as a result of post-conviction appellate counsel's failure to brief issues to the Tennessee Court of Criminal Appeals are not saved by *Martinez*. Cole's arguments along these lines fall short of meeting the standard for Rule 59 relief.

## 2.      Properly Exhausted Claim

Cole also contends that the court's dismissal of one of his six properly exhausted ineffective assistance of counsel claims was a clearly erroneous application of the law:  that state post-conviction counsel was ineffective in his presentation of trial counsel's failure to conduct DNA analysis of certain evidence.  (Docket No. 41 at pp. 2-3).  This claim was thoroughly evaluated in Section III.B.1 of the court's prior opinion.  (Docket No. 36 at pp. 19-20).  Applying *Strickland v. Washington,* 466 U.S. 668, 686-87 (1984),  the court found that, in light of Cole's conflicting testimony and the fact that the State did not introduce DNA evidence linking the petitioner to the crime scene and was not allowed to introduce evidence of the boot print "match" based upon trial counsel's motion to exclude, Cole failed to show that any prejudice resulted from this alleged deficiency in counsel's representation.

Cole insists in his motion to alter or amend that he is the "only person in search of the truth" of who committed the crimes for which he has been convicted and sentenced.  (Docket No. 41 at p. 3).  He states that he is "adamant about finding out whose fingerprint was found/left in the blood at the scene of the crime." (*Id.*)  Along these same lines, at the Cole's post-conviction hearing, he testified that he requested trial counsel to have the fingerprints found in blood at the crime scene tested to show that a third person was responsible for the crime and that his request was ignored. *Cole v. State,* 2013 WL 310208, at *5 (Tenn. Ct. Crim. App. Jan. 25, 2013).  He also requested that DNA testing be performed on the blood and nail clippings.  *Id.*  However, on cross-examination at the same hearing, Cole  acknowledged that, if several of the things he had requested had been done, it could have resulted in a problem for the defense. *Id.* at *6.  For example, he admitted that it would have been a problem for the defense if his DNA had been conclusively established to have been at

the crime scene. *Id.* This conflicting testimony is one of the reasons the state post-conviction and appellate courts concluded that trial counsel could not be held deficient for failing to retain an expert to conduct independent DNA analysis.

In view of all the foregoing considerations and after a thorough review of Cole's realleged claim in the instant motion, the court finds that Cole has not demonstrated that the court erred in finding that Cole was not entitled to relief on the basis of this claim. Cole's renewed insistence provides no basis for the extraordinary remedy of Rule 59 relief. The court therefore must deny Cole's motion to alter or amend judgment.

### 3.        Fundamental Miscarriage of Justice

Finally, Cole argues that it would be a "fundamental miscarriage of justice" if the court refuses to review his forty-four defaulted ineffective assistance of counsel claims on the merits. (Docket No. 41 at p. 5). He claims that "there is a very real, very valid argument that to deny a full review to this petitioner would result in a manifest injustice, that is, that a person who is actually innocent will be incarcerated for life for a murder that he did not commit." (*Id.*)

A habeas petitioner can overcome a procedural default by demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The "fundamental miscarriage of justice" gateway is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Cole, however, presents no new evidence of his innocence in support of his motion to alter or amend. Thus, the court concludes that Cole has not met the standard under this theory to excuse his procedural defaults.

**IV.     CONCLUSION**

Accordingly, the court finds that Cole is not entitled to relief under Fed. R. Civ. P. 59, and that his motion to alter or amend (Docket No. 41) should be denied.

An appropriate order will enter.

Todd J. Campbell
United States District Judge